CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2009

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAY BROWN,<br>    Plaintiff, | Civil Action No. 7:09-cv-00142 |
| v. | **MEMORANDUM OPINION** |
| R.C. MATHENA, et al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Jay Brown, a Virginia prisoner proceeding pro se, filed a motion for a temporary restraining order and an injunction for violations of his civil rights, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Brown complains that he is subject to racism. After screening Brown's submission, the court denies the motion for a temporary restraining order and injunction.

I.

Brown alleges the following facts. Racism at the Mountain prison[1] caused his blood pressure to reach 186/110, but it declined after spending three years at Nottoway Correctional Center. The Department of Corrections sent Brown back to a racist location to be mentally attacked. After being sent back to a racist setting, Brown hallucinates, hears voices, is afraid to shower, and is unable to concentrate. Brown cannot interact nor get along with the mountain people. The mountain people hate him for introducing human rights to "ROSP." The voices tell Brown to stay on guard and to figure out how to go unconscious. Brown's conscience has been shocked and his life is in danger.

---

[1] Brown presumably means Keen Mountain Correctional Center, the state prison in which he is currently incarcerated.

II.

The issuance or denial of a preliminary injunction or a temporary restraining order "is committed to the sound discretion of the trial court." Quince Orchard Valley Citizens Ass'n, Inc v. Hodel, 872 F.2d 75, 78 (4th Cir. 1989). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court may issue a temporary restraining order without notice to the adverse party only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the complainant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). The complainant's attorney must certify in writing any effort made to give notice to the other party and the reasons why notice should not be required. Id. at 65(b)(1)(B). The court will issue an injunction only if the plaintiff makes a strong showing that irreparable harm will occur if the injunction is denied. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (citing Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 859 (4th Cir. 2001)). The court then applies the balance of hardship test by examining the following three factors: (1) the likelihood of harm to the defendant with an injunction; (2) the plaintiff's likelihood of success on the merits; and (3) the public interest. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 194 (4th Cir. 1977); see Commonwealth of Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying Blackwelder test

2

for temporary restraining order).

After reviewing the record, the court cannot find that Brown makes a strong showing that he will suffer immediate or irreparable harm if the injunction is denied. Brown's reliance on labels and conclusions does not explain events or circumstances that lead the court to believe he is subject to any imminent threat of harm or experienced any actual harm. Furthermore, the court cannot find that Brown demonstrates a substantial likelihood of success on the merits of any claim. While certain prison conditions or prison official's acts may give rise to a civil rights action, the conditions Brown describes do not rise to an actionable claim to warrant issuing a temporary restraining order or other equitable relief. See West v. Atkins, 487 U.S. 42 (1988) (holding a plaintiff must allege facts indicating that he has been deprived of a right guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law). Moreover, Brown does not allege that he ever sought aid, protection, or administrative remedies from the correction officials at his facility, the people most able to quickly remedy his concerns. The public interest requires an inmate to first seek relief from his custodian before filing a lawsuit. Accordingly, Brown's motion for a temporary restraining order is denied.

III.

For the foregoing reasons, the court denies Brown's motion for a temporary restraining order and injunction and dismisses the action without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 17th day of May, 2009.

/s/ James C. Turk
Senior United States District Judge

3